**EDWARDS et al. v. McCORKLE.**

No. 10915.

Court of Civil Appeals of Texas.
San Antonio.

March 5, 1941.

Bryan, Stone, Wade & Agerton and Brandon Stone, all of Fort Worth, for appellant.

Chas. O. Betts, of Austin, and Cecil D. Redford, of San Antonio, for appellee.

NORVELL, Justice.

Lawton F. Edwards and Mrs. P. H. Edwards appeal from a money judgment rendered against them in favor of Sam McCorkle, receiver for Robert A. Hicks, attorney in fact for the Underwriters at Lloyds America. Appellants formerly operated a local insurance agency in Fort Worth, Texas, and represented Robert A. Hicks, attorney in fact, who was writing insurance under the Lloyds plan for the Underwriters at Lloyds America. On February 8, 1939, appellants made a settlement of their various accounts with the attorney in fact, and, as a part of this settlement, executed a $1,500 note upon which appellee brought suit. Appellants pleaded that as a part of said settlement agreement the attorney in fact agreed to pay off and discharge certain claims of Paul Darr and Auburn Piper under policies of Lloyds America issued to the S. Burk Burnett estate, protecting said assured against liability asserted against it by its ranch employees. It seems that these policies were in many respects similar to policies issued under the Workmen's Compensation Act. Vernon's Ann.Civ.St. art. 8306 et seq. Ap-

pellants further pleaded that the attorney in fact had failed to pay such claims, and for that reason the consideration for the note had failed. Appellee denied the existence of the agreement alleged.

The jury found that the disputed agreement was made at the time the note sued upon was executed; that said agreement induced appellants to sign the note and was part of the consideration therefor. The jury further found that appellants had paid the Darr and Piper claims, and expended the sum of $450 for that purpose. The trial court entered judgment for the principal amount of the note less $450, or for the principal sum of $1,050, plus interest and attorney's fees, as stipulated in the note, and calculated upon said principal sum of $1,050.

There was no error in the trial court's refusal to submit a requested issue to the jury upon the theory that the failure of the attorney in fact to pay the Darr and Piper claims amounted to a total failure of consideration of the note sued upon. The evidence in the record does not support the theory advanced.

Appellants also contend that they are entitled to a credit of some $725 on the note, rather than the allowed credit of $450. This contention can not be sustained. It seems that the S. Burk Burnett estate was a valued customer of appellants and for that reason they paid off the Darr and Piper claims, and secured releases from said claimants in favor of the estate. In so doing appellants expended the sum of $450. The basis of the contention for the $725 credit is that Darr and Piper had asserted they were entitled to this amount on their claims. The evidence shows that the agreement of the attorney in fact, if made at all, was one to pay the Darr and Piper claims, and not to pay any particular amount. The difference between $725 and $450 seems to be accounted for by certain medical expenses incurred by Darr and Piper as a result of injuries sustained by them. There is no evidence that the amount claimed for such services was reasonable, nor that Lloyds America were legally liable for the payment of said medical expenses under the policies issued to S. Burk Burnett estate. The only definite indication of the amount legally due upon the Darr and Piper claims was the amount actually paid by appellants for a release thereof. Upon the record here appellants are in no position to contend

that said claims were just and legal for an amount in excess of $450. As appellee here does not complain of the trial court's action in allowing a $450 credit upon the note involved, he, in effect, recognizes such sum as being the amount of the claims legally payable, and as appellee in this Court makes no objection to the allowance of said amount as a credit upon his note, under the theory that the consideration therefor had partially failed, the judgment of the trial court should be affirmed. It is so ordered.